LLOYD HUMPHREY vs. HORACE B. KNAPP AND ANOTHER.

A single capias was issued by a justice of the peace for the arrest of three witnesses who had been summoned to appear before him and had refused to appear, and was served by an indifferent person to whom it was directed. The three witnesses were brought in, and were jointly ordered by the justice to pay $19 to the treasurer of the town, being the cost of the service of the capias upon them all. The justice then asked one of them if he was ready to pay the $19, and informed him that he should hold him prisoner until it was paid. The prisoner after some delay procured the money and paid it to the justice, and all three were discharged. In an action brought by him against the justice and the person serving the capias, for false imprisonment, it was held that the justice was liable, but that the other defendant was protected by the process.

The justice should have passed judgment upon each of the three separately, and have held each for only his own share of the costs, as their offence was in no respect a joint one.

TRESPASS, for an assault and false imprisonment, brought to the District Court of Litchfield County, and tried to the court on the general issue, with notice. The court found the following facts.

The defendant Knapp was a justice of the peace; and on the 24th of December, 1872, had before him for trial one Ortel, upon a grandjuror's complaint, and the plaintiff and Mary Humphrey and Julia O'Keefe had been regularly summoned to appear before him as witnesses and had refused to appear. The three witnesses lived together in the same house, and in the town of Norfolk where the justice court

VOL. XLI.—40

was holden.  In consequence of their not appearing the justice issued a capias for arresting them and bringing them forthwith before him, and placed it in the hands of Cook, the other defendant in the present action, as an indifferent person, for service.  Cook, on the 25th of December, to which time the trial of Ortel was adjourned, repaired to the house of the plaintiff and arrested him upon the capias.  He was then informed by the plaintiff that the said Mary and Julia were then temporarily in Winsted.  Cook then proposed to the plaintiff to go with him to Winsted and take the said Mary and Julia, and proceed thence to Norfolk; which was done, the plaintiff making no objection.

The distance from the residence of the plaintiff to the place of the trial in Norfolk is about five and a-half miles. The distance from his residence to Winsted is about six miles, and from Winsted to the place of trial is about eight or eight and a-half miles.

No violence was used toward the plaintiff or the two women, but on the other hand Cook exercised proper care in protecting the plaintiff, who is an old man, from the inclemency of the weather, which was very cold, and in making him in every way comfortable.  When the parties arrived at Norfolk the plaintiff and the women went to the hotel and took tea, and thence to the office of Knapp, and were called as witnesses on the trial and testified as such.

The three witnesses were then inquired of as to their refusal to appear and testify in accordance with the summons, and were required by the justice to pay the sum of $19.72, being the costs for the service of the capias, the justice stating at the time to the plaintiff that his portion of it would be less than that of the others in the sum of $1.50. The justice then inquired of the plaintiff if he was ready to pay the $19.72, and the plaintiff made no objection to its payment but the fact that he had no money.  The justice then informed him that he should hold him prisoner until the $19.72 was paid; whereupon the plaintiff borrowed that sum of the said Mary, and paid it to the justice, and all the prisoners were then discharged.  There was no evidence that

the plaintiff had ever paid the money or any part of it back to the said Mary.

Upon these facts the case was reserved for the advice of this court.

*Foster*, for the plaintiff.

1. The defendant Cook is liable for holding the plaintiff an unnecessary and unreasonable length of time in custody. He was arrested about five miles from the court held by Knapp, the other defendant, and by him taken in an opposite direction six miles to Winsted, and detained there while he arrested other parties, and from there taken to court, making the plaintiff's journey, *as a prisoner in the hands of the officer*, much longer, and more conspicuous, which in itself was a wrongful imprisonment. Clearly Cook could not justify himself under his warrant for this unlawful act.

2. Knapp, the other defendant, is clearly liable. He required the plaintiff to pay the sum of $19.72 to obtain his release, and informed him that he should hold him prisoner until the money was paid. The justice had no right to hold the plaintiff for payment of costs made in arresting the other two witnesses. Nor at all for costs of arresting the plaintiff himself on the capias. The only course of the justice, provided the plaintiff had been legally arrested and brought before him, was to fine him, or commit him to jail for contempt, and he could in no case impose a fine of more than seven dollars. But here he held him in duress, to force out of him $19.72, and said this was his object.

*Fyler* and *Lawrence*, for the defendants.

1. Knapp, one of the defendants, as a judicial officer, was in the proper discharge of his duty, and within his jurisdiction, in issuing a capias against the plaintiff, after he had refused to appear as a witness. It was proper for him to direct the capias to an indifferent person. Gen. Statutes, p. 285, sec. 227. Cook, the other defendant, was made an officer of the law by the direction of the capias to him as an indifferent person for service. *State* v. *Moore*, 39 Conn., 244. As such officer

he was protected by the precept if good upon its face. *Watson* v. *Watson*, 9 Conn., 140; *Neth* v. *Crofut*, 30 id., 580.

2. The carrying of the plaintiff to Winsted was a necessary act, in order to execute the precept placed in the officer's hands, which commanded him to bring two persons besides the plaintiff before the court, and was the most expeditious method of its execution. The plaintiff was willing to go. No violence or abuse or unnecessary detention appears in the finding; but it does appear that the plaintiff with the others was immediately discharged on payment of the costs of the capias. The court might have imposed a fine for the contempt. 1 Swift's Digest, 747. The least it could do was to require them to pay the expense of the capias. 2 Swift's Digest, 757. Besides all this, if the officer acted unreasonably and even oppressively, he would not be liable in an action of trespass, but only in trespass on the case.

3. A judicial officer is never answerable in a civil suit for a judgment, however erroneous, rendered by him in his judicial capacity, provided he has jurisdiction over the person, process, and subject matter. *Tracy* v. *Williams*, 4 Conn., 113; *Holcomb* v. *Cornish*, 8 id., 375; *Prince* v. *Thomas*, 11 id., 472; *Dillingham* v. *Snow*, 5 Mass., 559.

PARK, C. J. All the proceedings in this case were regular, down to the time when the defendant Knapp told the plaintiff "that he should hold him a prisoner till the sum of $19.72 was paid." It appears that this sum was made up of the taxable costs attending the arrest of three delinquent witnesses upon a capias. The plaintiff was one of them, and his case should have been considered separately from the others. The witnesses had committed no joint offence. Each one for himself had been guilty of contempt of the justice court held by Mr. Knapp, in refusing to obey the subpoena, which had been regularly issued and served upon them. It appears that no fine was imposed upon either of the witnesses, but the plaintiff was informed that he would be held in custody till he paid the taxable expenses attending, not only his own arrest upon the capias, but of each of the other

witnesses, making in all the sum already stated. This was irregular, and beyond the jurisdiction of the court. If it could be done where there were two other witnesses, it could have been done if there had been fifty. Probably the justice was led into this error by the fact that the three witnesses had been arrested upon one capias; but this fact could make no difference. What offence had been committed by them, was committed previously to the issuing of the capias; and whether their defence was joint or several, depended upon the character of their misdemeanor, and not upon the fact of their being joined in one capias or arrested upon separate ones. The case before him was the same precisely as it would have been if a capias had been issued for the arrest of each witness separately.

There is nothing in the case which tends to show that the other defendant, Cook, had committed any wrong upon the plaintiff. He served the capias, which had been duly issued, and which was good upon its face.

We advise the District Court to render judgment against the defendant Knapp, and in favor of the defendant Cook.

In this opinion the other judges concurred.